UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN FREDERICK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MECHEL OAO, et al.,<br><br>Defendants. | Civil Action No. 09-cv-03617<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PENSION AND RETIREMENT GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL |

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. SUMMARY OF THE ACTION .......... 2

III. ARGUMENT .......... 4

A. The PSLRA's Lead Plaintiff Provisions .......... 4

B. The Pension and Retirement Group Is the "Most Adequate Plaintiff" .......... 5

1. The Pension and Retirement Group Has the Largest Financial Interest in the Relief Sought by the Class .......... 5

2. The Pension and Retirement Group Satisfies Rule 23 .......... 5

a. The Pension and Retirement Group Is Typical .......... 6

b. The Pension and Retirement Group Is Adequate .......... 6

C. The Court Should Approve the Pension and Retirement Group's Selection of Coughlin Stoia as Lead Counsel .......... 7

IV. CONCLUSION .......... 8

Class members and proposed lead plaintiffs Teamsters Local 807 Labor Management Pension Fund, Local 138 Pension Trust Fund and the City of Westland Police and Fire Retirement System ("Pension and Retirement Group" or "Movant"), in connection with their acquisition of the publicly-traded securities of Mechel OAO ("Mechel" or "the Company"), respectfully submits this memorandum of law in support of its motion for entry of an order: (1) appointing the Pension and Retirement Group as lead plaintiff; and (2) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. *See generally Hevesi v. Citigroup Inc.*, 366 F.3d 70, 81 (2d Cir. 2004); *see Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions.").

## I. INTRODUCTION

Currently pending in this district is a class action lawsuit brought on behalf of persons who purchased or otherwise acquired the publicly-traded securities of Mechel between October 3, 2007 and July 25, 2008, inclusive (the "Class Period"), against Mechel and certain other individuals and entities for violations of the federal securities laws.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, the Pension and Retirement Group should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any plaintiff or lead plaintiff movant of which Movant is aware; and (3) will adequately represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii). *See* Affidavit of David A. Rosenfeld in Support of the Pension and Retirement Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Aff."), Exs. A, B.

Finally, the Pension and Retirement Group's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II. SUMMARY OF THE ACTION

Mechel is a vertically integrated mining and metals company.[1] The Company consists of several business segments, including coal and steel production. Mechel's mining business consists of coal, iron ore and nickel mines in Russia. The Company's steel business includes the production and sale of semi-finished steel products, carbon and specialty long products, carbon and stainless flat products and downstream metal products.

On July 24, 2008, Russian Prime Minister Vladimir Putin called for antitrust authorities to investigate Mechel's raw material pricing policy, and in particular its coking coal sales, as the Company had sold raw materials to customers in Russia at twice that it had sold raw materials to non-Russian customers. Prime Minister Putin also recommended that Mechel's profit margins needed to be examined by the antitrust authorities, and "if need be," by the special committee of the General Prosecutor. On this news, the Company's shares fell $13.77 per share, or over 37.6 percent, to close on July 24, 2008 at $22.84 per share, on unusually heavy trading volume.

The following day, Mechel announced that it was "ready for cooperation with federal authorities." Mechel did not protest Prime Minister Putin's allegations and *Reuters* quoted Mechel as stating that it "would never again charge a different price for coking coal on the domestic market than it did abroad."

---

[1] All facts are taken from the first-filed complaint styled *Frederick v. Mechel OAO, et al.*, No. 1:09-cv-03617-RJS, filed April 4, 2009.

Shortly thereafter, on July 28, 2008, Prime Minister Putin also revealed that Mechel had also used offshore traders to minimize tax payments. According to the Prime Minister, Mechel sold coal to a Swiss trading unit at a quarter of domestic prices, contributing to a coal shortage and higher steel prices in Russia. *The Associated Press* quoted Prime Minister Putin as stating that "it's a reduction of the tax base within the country, it's tax evasion. It's creating a shortage on the domestic market and leads to an increase in the price of metallurgical products." The head of the Federal Antimonopoly Service ("FAS") also stated that "the Company must be punished," as the FAS had opened a case following an investigation into whether Mechel had fixed coking coal prices, and "had enough evidence" to fine Mechel for its violations. On this news, the Company's shares fell $6.70 per share, or over 25.5 percent, to close on July 28, 2008 at $19.50 per share, on unusually heavy trading volume.

On August 14, 2008, Mechel was found guilty by the FAS of breaking competition laws and faced a stiff fine from regulators as a result of its conduct. The FAS stated that Mechel discriminated against Russian consumers, "unreasonably refused contracts,'' and maintained a monopoly in the coal market.

Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, defendants failed to disclose or indicate the following: (1) that the Company had engaged in anticompetitive conduct by employing a discriminatory pricing policy for raw material sales between domestic and foreign steel firms; (2) that the Company had engaged in monopolistic conduct by fixing and maintaining coking coal prices at artificially high levels and unreasonably refusing contracts; (3) that as the Company's anticompetitive and monopolistic practices were discovered, the Company would incur a significant level of fines, and would be forced to enter into long term coking coal supply

contracts below market prices; (4) that a portion of the Company's revenue was derived from anticompetitive and monopolistic conduct, and when such behavior was discovered, the Company's revenue would significantly decline in future periods; (5) that the Company had used a sophisticated sales and distribution scheme involving wholly owned offshore trading companies to evade paying taxes on a portion of its revenue; (6) that the Company lacked adequate internal and financial controls; (7) that the Company's financial statements were not prepared in accordance with United States Generally Accepted Accounting Principles ("U.S. GAAP"); and (8) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

## III. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the Securities Exchange Act of 1934. *See generally* 15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must publish a notice to the class (within 20 days of filing the action) informing class members of their right to file a lead plaintiff motion. Here, notice was published on *PR Newswire* on April 9, 2009. *See* Rosenfeld Aff., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### B. The Pension and Retirement Group Is the "Most Adequate Plaintiff"

#### 1. The Pension and Retirement Group Has the Largest Financial Interest in the Relief Sought by the Class

The Pension and Retirement Group purchased Mechel securities and lost over $650,000 in connection therewith. *See* Rosenfeld Aff., Ex. B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

#### 2. The Pension and Retirement Group Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of a class representative. *See Yates v. Open Joint Stock Co.* "*Vimpel-Communications*," 2005 U.S. Dist. LEXIS 7717, at *6 (S.D.N.Y. 2005) (finding that "'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation]'") (citations omitted). Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and

defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*

**a. The Pension and Retirement Group Is Typical**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Here, the Pension and Retirement Group is typical because, just like all other class members, it purchased Mechel securities during the Class Period and suffered damages thereby. *See* Rosenfeld Aff., Ex. B. Thus, the Pension and Retirement Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

**b. The Pension and Retirement Group Is Adequate**

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, the Pension and Retirement Group is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between the Pension and Retirement Group and the class and the members of the

Pension and Retirement Group have certified to their willingness to serve as a class representative. Rosenfeld Aff., Ex. A. In addition, as shown below, the Pension and Retirement Group's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

### C. The Court Should Approve the Pension and Retirement Group's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Pension and Retirement Group has selected Coughlin Stoia to serve as lead counsel to the class. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Rosenfeld Aff., Ex. D. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. Because the Pension and Retirement Group has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia should be approved. *See In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 175 (W.D.N.Y. 2007); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 278 (S.D.N.Y. 2007); *Vanamringe v. Royal Group Techs., Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006); *In re Cardinal Health, Inc. Sec.*

*Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Coughlin Stoia] will represent deftly the class's interests").

## IV. CONCLUSION

For the foregoing reasons, the Pension and Retirement Group respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED: June 8, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JOHN J. RICE
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Michael J. VanOverbeke
Thomas C. Michaud
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 8, 2009.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@csgrr.com

# Mailing Information for a Case 1:09-cv-03617-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Jacobson**
  jsjacobs@debevoise.com,mao-ecf@debevoise.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Marc A. Topaz**
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087